

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT

**Mark G. Toews**
phone: 212-356-0871
email: mtoews@law.nyc.gov

> Defendants' letter-motion requesting an extension of time to file a pre-motion letter for leave to file its anticipated motion to dismiss (the "Letter") (ECF No. 48) is GRANTED, and Defendants shall file the letter by **Thursday, March 16, 2023**.
>
> By **Thursday, March 16, 2023**, Mark Galen Toews and Philip Sebastian Frank shall file a notice of appearance in this action.
>
> The Clerk of Court is respectfully directed to close ECF No. 48.
>
> SO ORDERED 03/08/23
>
> SARAH L. CAVE
> United States Magistrate Judge

**BY ECF**
Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *David Porath v. City of New York et al.*, 22-cv-1302 (JPC)(SLC)

Dear Judge Cave:

I am a Senior Counsel in the Office of the Corporation Counsel of the City of New York, attorney for Defendant the City of New York (the "City") in the above-referenced matter, wherein Plaintiff alleges he was denied shelter at the Bellevue Men's Shelter due to his classification as a sex offender. I write to respectfully request that the City be granted a brief extension of one week to submit a pre-motion letter providing the bases of its anticipated motion to dismiss, from March 9, 2023 until March 16, 2023. *See* Dkt. # 43.

This request is made due to the fact that the previously handling Assistant Corporation Counsel, Ms. Wynee Ngo, has recently departed the Law Department and withdrawn from the case, and the incoming attorney requires some additional time to discuss the case with our client, research the applicable law, and prepare an appropriate submission to the Court. This the City's first request for an extension of time to file its pre-motion letter. Due to the time-sensitive nature of this request and Plaintiff's incarcerated status, it was not practical to obtain his consent in a timely fashion.

With respect to Bellevue Men's Shelter ("Bellevue"), upon information and belief, Bellevue is a homeless shelter operated by the New York City Department of Social Services, which is a non-suable entity. *See Sciabica v Shelter*, 2016 US Dist. LEXIS 76247, at *5 (E.D.N.Y. June 10, 2016) ("The 79th Police Precinct is a division of the New York City Police Department, therefore, the 79th Police Precinct is not an entity against which suit may be brought."); *Uddin v City of NY*, 2009 US Dist. LEXIS 133536, at *25 (S.D.N.Y. July 6, 2009) ("[A]s New York City

agencies are 'non-suable' entities," Plaintiff's claims must be dismissed as against the HRA.). Accordingly, Defendant intends to move for dismissal of Plaintiff's Complaint as against Bellevue.

I thank the Court for its consideration of this request.

Respectfully submitted,

/s/
Mark G. Toews
Senior Counsel

cc: **BY FIRST CLASS MAIL**
David K. Porath
Plaintiff *Pro Se*
ID #349220-4000
R.N.D.C.
11-11 Hazen St.
E. Elmhurst, NY 11370

**BY ECF**
counsel of record